**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UCHKUN ABDUGONIEV, | : | Case No. 1:25-cv-133 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| PAM BONDI, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 7) and

Plaintiff's Motion for Leave to File Response Instanter (Doc. 8). Defendants filed a Reply

in Support of their Motion (Doc. 9). For the following reasons, Plaintiff's Motion for Leave

to File Response Instanter (Doc. 8) is **GRANTED**. Defendants' Motion to Dismiss (Doc.

7) is also **GRANTED**.

### FACTS AS ALLEGED

Plaintiff Uchkun Abdugoniev, who currently resides in Ohio, is a Muslim citizen

of Uzbekistan facing prosecution for political activities in his home country. (Compl.,

Doc. 1, ¶¶ 2, 6, 7.) As a result of the circumstances in Uzbekistan, Plaintiff filed an

application seeking asylum in the United States. (*Id.* at ¶ 8.) All notices regarding

Plaintiff's asylum application and immigration hearing were sent in English, which

Plaintiff cannot understand well. (*Id.* at ¶¶ 9, 10.) On the day of his immigration case

hearing, Plaintiff went to the immigration court but learned that he had missed the

1

hearing by an hour. (*Id.* at ¶ 12.) Plaintiff located someone who could translate his notices and apprise him of his case status, and this translator informed Plaintiff that he had missed his court hearing and was ordered removed on October 1, 2024. (*Id.* at ¶¶ 13-14.) After learning this, Plaintiff attempted to reopen his case, relying on an English-speaking acquaintance to do so; nevertheless, the immigration court denied his filings because they were not accompanied by a statement in his native language. (*Id.* at ¶ 16.)

Plaintiff brings claims against United States Attorney General Pamela Bondi and Secretary of Homeland Security Kristi Noem. Plaintiff's request to this Court is twofold: (1) declare that his removal violates the Fifth Amendment and Equal Protection Clause, and (2) enjoin his removal. (*See* Compl., Doc. 1.)

## LAW & ANALYSIS

As a preliminary matter, the Court will first address Plaintiff's Motion for Leave to File Response Instanter (Doc. 8). Plaintiff's counsel states that he only recently became aware of the Motion to Dismiss and requests that the Court permit him to file the accompanying Response instanter. (Motion, Doc. 8, Pg. ID 24.) Defendants had no opposition to this request and filed a Reply in Support to address the arguments Plaintiff raised in his Response. (*See* Reply, Doc. 9.)

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court, for good cause, may extend the time to file after a deadline has expired "when the party failed to act because of excusable neglect." To find excusable neglect, the Court must balance five factors: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on the judicial proceedings; (3) the reason for the delay; (4) whether the

2

delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

The Court finds that the five factors weigh toward a showing of excusable neglect. To start, the Court notes that factors three and four weigh against Plaintiff. Certainly, Plaintiff's counsel's reason for the delay, the untimely discovery of the Motion, is within the control of the moving party and is insufficient to satisfy the excusable neglect standard. *Airline Prof'ls Ass'n v. ABX Air, Inc.*, 109 F. Supp. 2d 831, 834 (S.D. Ohio 2000) (explaining that "courts still demand . . . that an attorney show more than a busy practice or absence from the office to merit an extension of the time"). But, the remaining factors outweigh these two considerations. First, there is little prejudice to Defendants, as Defendants do not oppose Plaintiff's Motion and have already filed their Reply in Support to address the Response's arguments. (*See* Reply, Doc. 9, n.1.) And, the Motion for Leave to File came only eight days after the original deadline for a response, causing virtually no impact on the judicial proceedings. Finally, there is no sign of bad faith on Plaintiff's part. All three of these factors move the needle toward a finding of excusable neglect. Thus, for good cause, the Court accepts Plaintiff's Response and will consider it in addressing Defendants' Motion to Dismiss.

*     *     *

Defendants seek dismissal of Plaintiff's Complaint on two grounds: lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Court must address the Rule 12(b)(1) portion of the

3

motion first. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). For the reasons set forth below, the Court agrees that it lacks subject matter jurisdiction over this matter. Accordingly, the Court's analysis begins and ends with Defendants' Rule 12(b)(1) arguments.

Plaintiff asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1331, along with 5 U.S.C. § 702. (Compl., Doc. 1, ¶ 1.) Defendants, in their Motion, state that they make both a facial and factual challenge to jurisdiction. "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A court ruling on a factual attack "has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings." *W6 Rest. Grp., Ltd v. Loeffler*, 140 F.4th 344, 349 (6th Cir. 2025) (quoting *Cartwright*, 751 F.3d at 759). "A facial attack," in contrast, "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright*, 751 F.3d at 759. Here, the Court finds that Defendants' facial challenge is sufficient to show a lack of subject matter jurisdiction.

## I.     Section 1252(g)

Defendants argue that 8 U.S.C. § 1252(g) bars judicial review of Plaintiff's Complaint. (Motion, Doc. 7, Pg. ID 15.) Before discussing the substance of this argument, the Court finds it helpful to review the relevant code section. In enacting 8 U.S.C. §

4

1252(g) through the REAL ID Act, Congress limited the jurisdiction of federal courts as

follows:

> Except as provided in this section and notwithstanding any other provision
> of law (statutory or nonstatutory), including section 2241 of title 28, or any
> other habeas corpus provision, and sections 1361 and 1651 of such title, no
> court shall have jurisdiction to hear any cause or claim by or on behalf of
> any alien arising from the decision or action by the Attorney General to
> commence proceedings, adjudicate cases, or *execute removal orders* against
> any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). "In the REAL ID Act, Congress decided that, as a

matter of public policy, [federal courts] do not have jurisdiction to decide claims that arise

from the decision of the Executive Branch to execute a removal order." *Rranxburgaj v.

Wolf*, 825 F. App'x 278, 283 (6th Cir. 2020). This holds true "whether or not [federal courts]

agree with ICE's decision to execute a removal order." *Id.* The plain language of 8 U.S.C.

§ 1252(g) therefore limits jurisdiction as it relates to claims arising from such execution of

removal orders—even if federal question jurisdiction or mandamus jurisdiction would

otherwise be proper. *See Elgharib v. Napolitano*, 600 F.3d 597, 607 (6th Cir. 2010). As

Defendants point out, "Section 1252(g) prohibits district courts from hearing challenges

to decisions and actions about whether and when to commence removal proceedings."

(Motion, Doc. 7, Pg. ID 17.) Indeed, the Sixth Circuit has made clear that this Court lacks

jurisdiction to enjoin the execution of a removal order. *See Moussa v. Jenifer*, 389 F.3d 550,

554 (6th Cir. 2004); *Hamama v. Homan*, 912 F.3d 869, 874 (6th Cir. 2018).

Courts throughout the Sixth Circuit have faithfully applied *Hamama v. Homan*, 912

F.3d 869, 874 (6th Cir. 2018), as a bar to judicial review of the execution of removal orders.

For instance, the District Court for the Eastern District of Michigan has frequently denied

similar requests to stay removal orders in light of *Hamama*'s controlling precedent. *See, e.g.*, *Al Shimary v. Rayborn*, No. 2:24-CV-11646, 2024 WL 3625169, at *2 (E.D. Mich. July 31, 2024); *Kazan v. Sessions*, No. 18-CV-11750, 2023 WL 2347069, at *2-3 (E.D. Mich. Mar. 3, 2023); *Portillo v. Wolf*, No. 2:20-CV-12730, 2020 WL 6130880, at *2 (E.D. Mich. Oct. 19, 2020); *El Moustrah v. Barr*, No. 19-CV-13549, 2020 WL 1473305, at *2 (E.D. Mich. Mar. 25, 2020). More recently, this Court has found the same. *See Mohan Karki, et al. v. Richard Jones, et al.*, No. 25-CV-281, 2025 WL 1638070, at *7 (S.D. Ohio June 9, 2025). Not to mention, the Sixth Circuit has reaffirmed its reliance on *Hamama*. *See, e.g.*, *Rranxburgaj v. Wolf*, 825 F. App'x 278, 282 (6th Cir. 2020).

To be sure, Plaintiff requests both that this Court declare his removal orders unconstitutional and enjoin his removal. (Compl., Doc. 1, Pg. ID 4.) In his Response, Plaintiff attempts to paint his request for injunctive relief as "only for the period until his rights have been declared." (Response, Doc. 8, Pg. ID 26.) As far as the request for a declaration, Plaintiff clarifies that, even if the Court cannot issue an injunction, he is "simply asking this Court to determine if written materials solely in the English language knowingly presented to known non-English speakers comport with the standards of due process." (*Id*. at Pg. ID 27.)

Undoubtedly, section 1252(g) bars Plaintiff's request for injunctive relief. Simply put, this Court cannot enjoin his removal, no matter how brief the time period of requested relief. *Moussa*, 389 F.3d at 554; *Hamama*, 912 F.3d at 874 (explaining that the executive's enforcement of "removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review"). As Plaintiff

6

points out, though, he also seeks a declaratory judgment that his removal is unconstitutional, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (*See* Compl., Doc. 1, ¶ 1; Response, Doc. 8, Pg. ID 27.) "The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Instead, § 2201 "only provides courts with discretion to fashion a remedy" once a court has established jurisdiction. *Id*. Moreover, "declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997); *see also Cooper Butt ex rel Q.T.R. v. Barr*, 954 F.3d 901, 907 (6th Cir. 2020) ("declin[ing] the invitation to elevate form over substance" when plaintiff sought "a declaration that his father's removal is unconstitutional rather than seeking to enjoin the removal itself"). Thus, since the Court lacks jurisdiction over the removal-based claim under section 1252(g), it cannot establish jurisdiction over the declaratory claim.

Following this reasoning, Defendants are also correct to note that Plaintiff's request for declaratory relief is "a request for an unenforceable advisory opinion." (Reply, Doc. 9, Pg. ID 30.) Indeed, as the Court does not have jurisdiction to enjoin Plaintiff's removal, it cannot examine Plaintiff's claim brought under 28 U.S.C. § 2201 because the "declaratory judgment would have no effect, amounting to an advisory opinion." *Ebu v. U.S. Citizenship and Immigration Serv.*, 134 F.4th 895, 903 (6th Cir. 2025.) Put differently, the Court cannot stop Plaintiff's removal. The Court's opinion on whether the removal proceedings were unconstitutional would thus have no effect, rendering it an advisory

opinion. The Court cannot issue such unenforceable, hypothetical opinions under 28 U.S.C. § 2201.

## II. Sections 1252(a)(5) and (b)(9)

In any event, to the extent Plaintiff challenges his removal order itself, Congress has legislated a system that "substantially limit[s] the availability of judicial review and streamline[s] all challenges to a removal order into a single proceeding: the petition for review." *Cooper Butt ex rel Q.T.R.*, 954 F.3d at 906 (quoting *Nken v. Holder*, 556 U.S. 418, 424 (2009)). First, 8 U.S.C. § 1252(b)(9) provides that "judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." Plaintiff's request for a declaration that his proceedings were unconstitutional is precisely the type of question contemplated in this section. And, section 1252(a)(5) of the same subchapter instructs that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." Taken together, these provisions confirm that this Court is precluded from reviewing or vacating Plaintiff's removal order. *See Cooper Butt ex rel Q.T.R.*, 954 F.3d at 905-06 (citing 8 U.S.C. § 1252(a)(5), (b)(9)); *Elgharib*, 600 F.3d at 605.

## CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's Motion for Leave to File Response Instanter (Doc. 8) and **GRANTS** Defendants' Motion to Dismiss (Doc. 7). Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction. This case is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND